NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ALENA SIMMONS, *Appellant.*

No. 1 CA-CR 22-0421
FILED 7-13-2023

---

Appeal from the Superior Court in Maricopa County
No. CR2015-134537-001
The Honorable Laura Johnson Giaquinto, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Michael J. Dew, Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer B. Campbell joined.

---

**W E I N Z W E I G**, Judge:

¶1        Alena Simmons appeals her convictions and sentences for two counts of aggravated driving while under the influence of intoxicating liquor. We received a brief from Simmons' counsel in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), certifying that he diligently searched the record and found no arguable question of law that was not frivolous. Simmons had the opportunity to file a supplemental brief but did not. Counsel asks this Court to search the record for fundamental error. After reviewing the record, we affirm Simmons' convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Simmons was arrested for drinking and driving in the summer of 2015. While driving her car, she was weaving in and out of traffic at twice the posted speed limit. After four earlier arrests for drinking and driving, her driving privileges had been revoked.

¶3        At the time of her arrest, she was slurring her speech, and police officers later described her with "red, blood shot, watery eyes." Simmons told police that she had consumed alcohol three hours before she started driving. An hour later, Simmons was tested, and her blood-alcohol concentration measured 0.185 percent.

¶4        The State charged Simmons with two counts of aggravated driving while under the influence of intoxicating liquor while her license was suspended: Count 1 on being impaired to the slightest degree; and Count 2 on alcohol concentration of 0.08% or more (both class four felonies). A jury found Simmons guilty on both counts. In aggravation, the court found that Simmons had "four known prior DUI or alcohol-related convictions[,] three prior felonies, nine misdemeanors," and "two violent convictions, one felony, and one misdemeanor." The court also noted that Simmons participated in treatments in 2001 and 2006, stating she "committed a substance-related offense after that date."

**¶5** As mitigation, the court considered the support from Simmons' family and friends, her age and education, medical concerns, completion of probation on all of her three felony convictions, and her remorse. The court also observed that "substances continued to be at issue" for her despite participating in treatments in 2001 and 2006.

**¶6** The court sentenced Simmons to a mitigated term of 6.5 years for both counts to run concurrently. Simmons received 39 days of presentence incarceration credit. She timely appealed. We have jurisdiction. *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶7** We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

**¶8** Simmons was present and represented by counsel at all stages of the proceedings against her. The record reflects that she was afforded her constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the trial evidence was sufficient to support the jury's verdicts. Simmons' sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶9** We affirm. Counsel's representation of Simmons will end once he informs her about the outcome of this appeal and her future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Simmons may file a pro se motion for reconsideration or petition for review, if she desires, within 30 days of this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA

3